947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeanette M. REBUTH, Plaintiff-Appellant,
v.
UNITED STATES PEACE CORPS, Director of the Peace Corps,
Defendants-Appellees.
 No. 89-16625.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 25, 1991.*
Oct. 23, 1991.
 
 Before EUGENE A. WRIGHT, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeanette M. Rebuth appeals pro se the district court's grant of summary judgment in favor of her former employer. She contends that the district court erred in concluding that she failed to establish a prima facie case of discrimination or retaliation under Title VII, 42 U.S.C. §§ 2000e-5 (1988) (Title VII), or age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1988) (ADEA). She also contends that the district court erred by granting summary judgment on her due process claims and her claims under the Privacy Act, 5 U.S.C. § 552a (1988). Finally, she asserts that the district court should have appointed her counsel and should have fully allowed her motions to compel discovery. We reject all of these contentions and we affirm.
 
 DISCUSSION
 
 3
 Rebuth did not establish a prima facie case under Title VII or ADEA because her allegations did not demonstrate that she was discharged based on her religion, national origin, sex, or age. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Accordingly, summary judgment was proper on those claims. See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1110 (9th Cir.1991) (summary judgment reversed when plaintiff established a prima facie case of discrimination).
 
 
 4
 There was also no error in granting summary judgment on her Privacy Act claims. Rebuth did not exhaust her administrative remedies and thus was not allowed to bring an action in district court to amend her personnel file. See Hewitt v. Grabicki, 794 F.2d 1373, 1377 (9th Cir.1986). Moreover, because Rebuth failed to offer any evidence to support a claim of intentional or willful misconduct by her employer, she was not entitled to damages. Id. at 1379.
 
 
 5
 Summary judgment also was proper on her due process claim because a Bivens claim is not authorized against an agency of the United States, and no remedy is available against federal officers sued only in their official capacity and not for their individual actions. See Clemente v. United States, 766 F.2d 1358, 1362-64 (9th Cir.1985), cert. denied, 106 S.Ct. 881 (1986).
 
 
 6
 We find no abuse of discretion by the court in denying Rebuth appointed counsel. Although Rebuth had limited financial resources and attempted to secure counsel on her own, her claims lacked merit. See Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318-19 (9th Cir.1981).
 
 
 7
 Finally, the magistrate's decision to limit discovery to information related to Rebuth's claims was not an abuse of discretion. See White v. San Diego, 605 F.2d 455, 461 (9th Cir.1979). The magistrate also properly refused to impose sanctions against the employer. See Miller v. Transamerican Press, Inc., 709 F.2d 524, 531 (9th Cir.1983) (Fed.R.Civ.P. 37(b) "provides sanctions only for failure to obey a court order."). The district court did not err by failing to permit further discovery before summary judgment because Rebuth made no motion under Federal Rule of Civil Procedure 56(f). See Bryant v. Ford Motor Co., 886 F.2d 1526, 1533 (9th Cir.1989), cert. denied, 110 S.Ct. 1126 (1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3